Leslie "Jack" COX et al., Appellants,

v.

Everett MALONE et al., Appellees.

Court of Appeals of Kentucky.

May 29, 1964.

Fred Faulkner, Jr., Campbellsville, for appellants.

Charles M. Summers, Clyde Williams, Jr., Campbellsville, for appellees.

CULLEN, Commissioner.

Leslie Cox and wife, owners of a tract of farm land, brought action against their neighbors to the east, the Malones, to quiet title to a disputed area of land and to recover damages for timber cut by the Malones. At the close of all the evidence the court directed a verdict for the defendants and entered judgment dismissing the action. The Coxes have appealed.

The Coxes based their claim on adverse possession under color of title. Admittedly they had not exerted acts of physical possession of the area in dispute, a tract of hilly woodland, but they relied on the rule that where one is in possession of land claiming title by deed and the deed describes the boundaries with sufficient certainty so that they can be run by a surveyor, the possession extends constructively to the boundaries described in the deed. See United States Trust Co. v. Frakes, 282 Ky. 683, 139 S.W.2d 759. So the issues in the case were whether the description in the deed under which the Coxes claimed title described the boundary with sufficient certainty so that it could be surveyed, and if so, where was the boundary physically located on the ground. (There was no issue as to the period of possession by the Coxes.)

A surveyor employed by the Coxes surveyed the eastern boundary lines of the Cox deed. The second call of the deed ran from a walnut stump on the bank of a creek. The surveyor testified that a walnut stump was pointed out to him by Leslie Cox as being the one described in the deed; that the Malones were present at the time and did not contend that the designation was incorrect. Leslie Cox testified that the Malones *agreed* that the stump he pointed out was a corner boundary monument. Attached to the stump was one end of a wire fence, which ran in a northwest direction for some 300 feet, ending at a road. The surveyor testified that the second call of the deed, as surveyed by him, ran exactly with the fence line.

The surveyor testified that he surveyed out the eastern boundary of the Cox deed and as so surveyed the area in dispute was embraced in the Cox deed. On cross-examination it was brought out that at one point the surveyor had trouble running the line and he resorted for aid to an older deed. However, the point at which the

difficulty arose was not identified in the testimony, nor was it made clear just what the trouble was. (It appears that perhaps the Cox deed had an "E" where there should have been a "W" in one call.)

The appellees argue that the evidence concerning the difficulty encountered by the surveyor shows that the description in the Cox deed did not describe the boundary with such certainty that it could be surveyed, and therefore an essential requirement of the rule of constructive adverse possession was not met. However, it is our opinion that the evidence concerning the surveyor's difficulty was not so positive and clear as to require the conclusion that the description could not be surveyed in the disputed area.

The appellees maintain that it was not sufficient that a survey be made of the eastern boundary only; that the appellants should have been required to prove that the entire boundary could be surveyed. The appellees argue that their proof showed that the entire boundary could not be surveyed, because an engineer testified that in attempting to plat the Cox land by office instruments the description would not close. In our opinion it was sufficient that the eastern boundary, where the disputed area lay, could be surveyed by use of one or more natural objects described in the deed.

Aside from raising the question of the difficulty encountered by the appellants' surveyor, the appellees did not undertake to prove that if the walnut stump used by the surveyor as a starting point was the right one, the line would not run where the surveyor located it. They did testify that the stump used by the surveyor was not a walnut, but a hickory, and they sought to prove that even if it was a walnut it was too young to have been the one referred to in the deed. But this evidence merely created an issue of fact and did not destroy the probative value of the appellants' evidence.

The appellees undertook to show that an old fence on the hillside marked the true boundary, but this was disputed by the appellants' testimony.

In their brief the appellees say that their evidence "was of equal authority, weight, and persuasion as that of appellants." We agree. But in order to support a directed verdict the appellees' evidence would have to be so strong as to completely overcome the appellants' evidence. That it was not. The trial court erred in directing a verdict.

The judgment is reversed with directions to grant a new trial.